Good morning, counsel. Good morning. May it please the court, Jonathan Libby appearing on behalf of appellant Donnie Lee Walton. I intend to reserve two minutes for rebuttal. Your Honor, the resentencing must be ordered because Mr. Walton does not have three qualifying prior violent felonies necessary for sentencing under the Armed Career Criminal Act. First, California robbery no longer is categorically a violent felony under Dixon. At the time of Mr. Walton's sentencing, Prince was still in effect, but this court has since overruled and reversed Prince and now has made very clear that California robbery under Section 211 is categorically a violent felony. Therefore, that prior no longer counts. You mean it's not a violent felony? It's not a violent felony. Thank you, Your Honor. So now let's look at the Alabama robbery conviction, which is, frankly Your Honor, is very similar to California and is very similar to several other state robbery statutes that very recently, in the last six months, this court has categorically a violent felony. And specifically, the government actually filed a 20-J letter last week in which it referenced Gayozos, which is a Florida statute, Molinar from Arizona, Strickland from Oregon. All of those cases are very similar to this one. In fact, looking at Molinar, the Arizona statute, nearly identical robbery law to Alabama. There, it was dealing with a crime of violence under the guidelines, but looking at the same analysis applies, which is looking at the force requirements. There, the court looked at various cases under Arizona law, which are nearly identical to various cases under Alabama law. Counsel, if you're correct, based upon the changes in the case law, and if you've shown that two of these four cited convictions are, in fact, not violent felonies, then you get a reversal, right? We don't even have to consider, now I guess, just one other statute, because I think the government's conceded that maybe you've withdrawn the second Alabama, the murder statute, right? With respect to the knockout two, so if we knock out the California and we knock out Alabama robbery, then that would be enough to cause reversal of Mr. Walton. And would there be any reason for us to discuss the other two at that point? It would not, Your Honor, because that, in fact, would be enough. And Your Honor, I can go into specific details in terms of comparing Alabama to Molinar and Gayozos and others, but at this point, I'll just reserve the balance of my time and hear what the government has to say. Sounds good. Thank you. Very good. Let's hear from the government then. Good morning, counsel. Good morning. May it please the court. Ashley All for the United States. The difference between this case and some of the recent robbery cases that have been decided by the court, I think, starts with plain error review and then goes to the Duenas-Alvarez problem that was raised then. If a substantive legal question is unsettled, it forecloses the possibility of a plain error finding. Now, defendant has contested the plain error review applies here. That said, I would point the court to all of the pleadings before the district court here. This was not a case where the aggravated felony, pardon me, the crime of violence determination wasn't contested, but it was contested in a very specific, very factual way, to the point that in the party's disputes, it noted that there was, quote, no question that the various priors all qualified and instead the parties were disputing counting, how to count them. But counsel, with respect, we're really talking about construction of statutes and a specific element of the statutes. There's really not very much that's factual about it. It's really a question of how these fit and counsel has made the argument that supervening case law has made it so that the California Penal Code section 211 and the Alabama Criminal Code section 13a 841 just don't qualify anymore. It's not the government's fault. It's not the trial court's fault. It just, it's happened. Why is he wrong about that? Specifically, with respect, I think the answer is different, different with respect to those two statutes. Okay. With respect to the Alabama statute, the Alvarez requires a demonstration of a reasonable possibility that a state would apply its prior in a particularly overbroad way. And I do see some, and I would admit it is narrow, but there is airspace between Molinar and Gyozas and Strickland and Parnell and this case. And the difference is, well, Molinar, there's an easy one. In Arizona, there was a statutory definition of force that was overbroad. There's no statutory definition of force in Alabama. And so we are in squarely in Duenas Alvarez territory, where we're looking at the way that courts have described... And we have Jackson v. State about this purse snatching and that seems to not be violent. So Jackson v. State is an interesting example, but it's not analyzing sufficiency with respect to force. It's analyzing sufficiency on a totally unrelated ground. But it was a conviction for robbery where there wasn't force, so how do we get around that? I think there's not enough... I mean, I think as we all know as writers and jurists, facts, time expands and contracts when you have an issue that is focusing on a particular moment. The court wasn't focused on how much force was applied in that purse grabbing. It described it as tugs resulting in the purse being taken away. But I would submit if the issue were how much force was applied, we would know more about how much force was really involved in that case. I think a passing reference on an issue not raised in an intermediate state court decision is too thin a reed on which to find that an entire state robbery regime is overbroad. And you have a case that stands for that, though? We're supposed to look at the state court cases. They have this case that seems to not have force. I don't know how we can say, well, they didn't really mean it or... Maybe it goes the other way. If it didn't bother them, maybe that's a sign that all robberies in Alabama are like this. I don't know how we take it to mean that that was an outlier. I think there is tension in Alabama, some tension in Alabama law. In the 28J I filed, the Supreme Court has emphasized repeatedly that violence is required. But that was before Jackson. Those are older cases. They're definitely older cases. And then Jackson is a case where certainly it suggests that there might be a purse snatching that is similar to the purse snatching analyzed in the recent cases. But because that issue wasn't raised, I find it to be not compelling evidence on that point. Again... Because it wasn't raised in the district court? Or you mean in the state court? State court. The state intermediate court there wasn't analyzing sufficiency of force. It was describing the facts in a fairly succinct way with respect to force, because ultimately it was about whether or not an accomplice in the car was sufficient. So you have an argument about why you think you should win as a matter of law on this question, but it still seems to me that it's a question of law. And I'm not sure why you're not facing a problem with your plein air standard that this is a question of law where I don't think the government has suffered any prejudice if we consider it in the first instance on appeal? So as I've laid out, I think that entire regime is incorrect, as Judge Graber recently described in her concurrence. But that's not our main law, so... Putting that aside, this court has reviewed for plein air in very similar circumstances. In Tafoya Montelongo and... I'll find it. There's a couple of cases we cited in the brief where the court specifically reviewed a determination of crime of violence at sentencing for plein air. I think those cases are exactly on point to the circumstance here. And certainly, to the extent that the court had discretion to apply plein air or not, to resolve the tension between Tafoya Montelongo and the pure issue of law cases, I would submit that this is not the case to skip over plein air because it matters so much to the outcome, particularly with respect to Alabama robbery. At a minimum, under Henderson, the substance of legal question is unsettled with respect to whether robbery qualifies. And that is exactly the kind of circumstance where under Henderson, the Supreme Court says the plein air... A plein air finding is foreclosed. So, from the government's perspective, even though, as the purse snatching illustration is there, you think we can't look at that and determine whether vis a vis the statute in this case, whether that's enough for us, you think it has to be done by the original state court or we can't really rely upon that. Is that your position? I think that comes... That's a close articulation of the position. I get concerned where when we're dealing with these fairly difficult and wide ranging issues of whether or not prior state convictions qualify, we end up in these fights about lower state court opinions. And that, first of all, itself is somewhat questionable, but it gets worse when we're looking at state court opinions that don't even analyze the question that we're talking about. But we have that all the time, don't we, counsel? With respect to the California robbery statute, for example, we've had all kinds of these things. And the reality is that some of them were not analyzed by the state court for the purpose that you're talking about. We simply look at the factual situation, we determine whether that makes it too broad or whatever the case may be. I'm having difficulty understanding how we can accept your approach without undermining a lot of case law that we've decided. So, plein air is the first way. I think there is no way to find that there was clear and obvious error by the district court. But Dixon is, in fact, a perfect example to the contrary. Dixon, analyzing the over breadth of California robbery, found there was a California Supreme Court decision finding that accidental force was sufficient. It was a Supreme Court case from the state analyzing exactly the over breadth that was analyzed in that case. That is the kind of compelling evidence that is completely absent here. We have intermediate Alabama decisions, and not very many of them, not dealing with the degree of force that is actually required. Meanwhile, we have Alabama Supreme Court decisions, albeit quite old ones, saying that some degree of violence is required. I'm still having a little trouble with your argument. So, there are conflicting, arguably conflicting, lower state court decisions. And it becomes not a plein air issue under any analysis because in my hypothetical, the petitioner raises in the lower district, federal district court, we think the state law means X. And we think there's no question about it. And the government says, no, there's conflicting. And you say, when it gets up to us, we have to say, well, until the Supreme Court of that state decides the issue, we don't, we can't make a decision of sober breadth at all. Is that your position? No, I don't think that's accurate, Your Honor. I think certainly, look, that the basic framework for analyzing this is the same, it's probably the same framework laid out in Mathis and in Taylor for determining what state law is. And in determining what state law is, this court typically goes through a kind of hierarchy of sources, starting with statute, then going to Supreme Court. And certainly, if you have a number of intermediate state court decisions, analyzing for sufficiency of force and finding that, as in Massachusetts, for instance, you don't need to have really any force at all, you can take something without someone noticing it, and finding it that sufficient, I think that would be a sufficient record. But our record here is quite different from that, not only with respect to it being lower court decisions that I would say aren't consistent in their outcome, but in that they're not even in the analysis here. And so what instead the defendant does is cites, it's not even dicta, it's factual, it's unnecessary factual discussions from the beginning of those cases. The few cases that we have that do analyze the sufficiency of force, and it's a very small number, none of them, under Duenas Alvarez or otherwise, demonstrate that Alabama applies its robbery statute in an over broad way. I would submit that... Have you suffered any prejudice from them not making this argument more clearly in the district court? I think we have, Your Honor, in that we didn't have an opportunity to litigate these state court decisions and develop it below. How would you have done that differently than how you've done it here? I'll be frank, I don't know how that prejudice analysis works against the government. I think it is further evidence of the confusing nature of this exception overall. I frankly don't know how to analyze prejudice in a case like this where we're talking about legal issues and whether state law is. There certainly wasn't a factual record that we were deprived of the ability to make. And so certainly if what prejudice goes to is the deprivation of a factual record, that I would say we weren't prejudiced. That said, to the extent that there are any facts that we could have developed in the district court, that this court might otherwise think we're dispositive here, then I think in that case, we would have prejudice and that would also foreclose plaintiff. Other questions by my colleagues. Thank you, Counsel, for your presentation. Counsel, you have a little bit of rebuttal time, quite a bit of rebuttal time, actually. Thank you, Your Honor. Just briefly, in terms of the degree of force required under Alabama law, and I haven't thought of a response to the government's 28J letter, but they cited to Proctor and then quoting in Proctor Evans v. State in 1885 Alabama case, in which it said very clearly the amount of force required is resistance, however slight. That is the standard in Alabama. It's the same standard that was then the same identical language in Lear v. State in the Arizona decision. It's the exact same standard. It's, and it's not the standard required under federal law for a violent felony. I gather your position would be in response to my colleague's question about prejudice, that the government really didn't and doesn't suffer any prejudice by having our court analyze these cases and the facts that were referred to in those cases in terms of the degree of force required. That's correct. I mean, they have the same opportunity to do that here as they would have in the district court. Okay. Unless the court has any additional questions. Unless you have other presentation, we thank you for your argument, both counsel. The case just argued is submitted.
judges: M. Smith, Friedland, Rakoff